UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| CALLI C., <br><br> Petitioner, <br><br> vs. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br> Respondent. | Case No.: 1:19-cv-00248-REB <br><br> **MEMORANDUM DECISION AND ORDER OF REMAND** |

      This decision and order resolves an unusual array of issues pending in this case. Pro se Petitioner Calli C. has filed a Complaint for Review of a Social Security Disability or Supplemental Security Income Decision (Dkt. 2), appealing the Social Security Administration's final decision finding her not disabled and denying her claim for disability insurance benefits. Respondent has filed a Request for Remand (Dkt. 30), in which Respondent "concedes that the Appeals Council should have vacated the ALJ's decision and reconsidered all of the evidence." Respondent seeks a voluntary remand of this case to vacate the ALJ's decision and have a new decision issued by either the Appeals Council or a different ALJ. It says that "[n]o part of the ALJ's decision will be affirmed on remand."

      Respondent agrees with Petitioner's argument that remand is appropriate under Social Security Ruling 19-1p, 2019 WL 1324866 (Mar. 15, 2019), because Petitioner has properly challenged the authority of the ALJ who issued the decision appealed here under the

**MEMORANDUM DECISION AND ORDER – 1**

Appointments Clause.[1]  However, Petitioner did not agree to the terms of Respondent's proposed voluntary remand, instead arguing this Court should remand for a finding of disability and an immediate award of benefits.  Pet'r's Opp'n to Mot. for Remand (Dkt. 31).  She expresses concern that Respondent may "just recycle the same arguments the previous ALJ set forth" in a new decision, which she expects will not be favorable.  She argues that "[t]he SSA should not get a do over simply because they refused to honor their own SSR." *Id.* at 4.

The Court has discretion to remand for a finding of disability, which Respondent acknowledges, but Respondent also contends that the proper course upon a finding of harmful error is a remand for further administrative proceedings "except in rare circumstances," which, it says, are not presented here.  *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  Respondent further argues that courts cannot direct a finding of disability unless "there are no outstanding issues on which further proceedings in the administrative court would be useful."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  Notably, the court in *Leon* also described that "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule" and that the district court's role is to "determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of [the] proceeding." *Id.* (internal quotation marks and citation omitted; alteration in original).

---

[1] *Lucia v. SEC*, 138 S. Ct. 2044 (2018), held that the SEC's ALJs are "Officers of the United States" within the meaning of the Appointments Clause of the United States Constitution, Art. II, § 2, cl. 2, and thus must be appointed by either the President, a court of law, or the Department head.  SSR 19-1p applies *Lucia* to certain Social Security claimants.  Respondent agrees that Petitioner is entitled to additional administrative review under SSR 19-1p.

**MEMORANDUM DECISION AND ORDER – 2**

Respondent admits that the ALJ's decision must be vacated and the case remanded. Thus, Respondent also agrees to the appropriateness of part of the relief Petitioner requests in her Complaint.[2]  However, even though the parties agree that the ALJ's decision was issued in error, the Court is not persuaded that there are "no outstanding issues on which further proceedings in the administrative court would be useful."  This much is clear, for if the Court treats the ALJ's decision as vacated, then there is no ALJ decision in the record for the Court to review and the Court cannot say the outcome of a subsequent agency proceeding is certain.  Thus, this case is not a proper exception to the ordinary remand rule.  Accordingly, the Court will grant in part Petitioner's Complaint and Respondent's Request for Remand, without remand language requiring Respondent to enter a finding of disability and award benefits.

Separately, the Court is not persuaded to remand for a finding of disability and immediate award of benefits even if the ALJ's decision were not subject to being vacated.  In her opposition to Respondent's request for remand, Petitioner highlights multiple instances where she faults the ALJ for "cherry picking" facts from the record.  Pet'r's Opp'n to Mot. for Remand 2, 3 (Dkt. 31).  But, most of her arguments focus on offering a different interpretation of the evidence rather than contending that the ALJ committed harmful legal error.  Such factual disputes are best addressed in the form of a final agency decision and then, if appealed, adversarial briefing, all of which place this case firmly within the confines of the ordinary remand rule.  That is, the kinds of challenges Petitioner brings (other than the SSR 19-1p argument regarding the original

---

[2] Petitioner's Complaint asks this Court to "Modify the defendant's decision and grant monthly maximum insurance benefits to the plaintiff, retroactive to the date of initial disability" as well as "[i]n the alternative, remand to the defendant for reconsideration of the evidence." Compl. ¶ IV (Dkt. 2).

**MEMORANDUM DECISION AND ORDER – 3**

ALJ's authority to issue his final decision) do not fall within the exception to the rule, and so this Court declines to make a finding regarding whether she is disabled.

Petitioner has justification for feeling aggrieved that the initial proceedings and decision in her case were handled by an individual who had no authority to issue such decision. And she may be skeptical that a new decision will be any different than the original, and hence also believes that further administrative proceedings will merely delay resolution of her claim for benefits – which has already been ongoing for over five years – because she may need to appeal an unfavorable decision to federal district court again. That belief may or may not ultimately prove out, and if it does, it will be another example of the distressing delays that exist in the Social Security adjudicative system and in the federal courts, when it comes to the processing of Social Security disability cases. But, the circumstances also do not allow for this Court to make a finding of disability, absent an ALJ decision of record that is tested on appeal by the arguments of the parties. Nonetheless, the Court notes that Petitioner's briefing in this appeal may assist in focusing Respondent's attention on remand to the specific facts, issues, and arguments that she thinks are most significant to her claim.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

**MEMORANDUM DECISION AND ORDER – 4**

# ORDER

Based on the foregoing, Petitioner's Complaint for Review of a Social Security Disability or Supplemental Security Income Decision (Dkt. 2) is **GRANTED**, Defendant's Request for Remand (Dkt. 30) is **GRANTED**, the decision of the Commissioner is **REVERSED,** and this action is **REMANDED** to the Commissioner of Social Security under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. To the extent that the Commissioner has the ability to expedite the same, the Court encourages that the matter be expedited.

DATED: March 26, 2021

_____
Honorable Ronald E. Bush
Chief U.S. Magistrate Judge